UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERSON DANILO BETANCUR,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 2:26-cv-00428-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on March 30, 2024. See ECF No. 1, pg. 4. Petitioner states he is a citizen of Colombia who has applied for asylum, withholding of removal, and protection under the Convention Against Torture. See id. Petitioner asserts he was denied due process when he was re-detained on December 12, 2025, without notice or a pre-deprivation bond hearing. See id. at 4-5. The District Judge ordered Respondent to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondent to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior

orders in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 28, 2026). See ECF No. 6.

Respondent filed a joint opposition to injunctive relief and response to the petition. See ECF No. 7. The Court granted Petitioner's motion for temporary restraining order, finding the facts not distinguishable from the cited cases. See ECF No. 8. The Court ordered:

> (1) Petitioner shall be released immediately from the Respondents' custody;
>
> (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
>
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable Final Order of Removal and Petitioner receives notice of that Final Order of Removal. Moreover, in light of Respondents' non-opposition to treating Petitioner's Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction (*See* Doc. No. 7), and given that the standard for issuing a Temporary Restraining Order is "substantially identical" to the standard for issuing a Preliminary Injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court hereby ISSUES a Preliminary Injunction on the same terms.
>
> Id.

The matter was referred to the undersigned for further proceedings. Respondents filed an answer to the petition arguing the injunctive relief afforded to Petitioner renders the matter moot. See ECF No. 11.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 12, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to § 1226(a). See Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Additionally, for the reasons addressed in other cases, see Sarfaraz Mohammed

v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), the undersigned finds that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

Finally, the undersigned finds Petitioner's release from detention does not render this action moot. See Cruz v. Lyons, 2025 U.S. Dist. LEXIS 234185, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id. A habeas petition is not moot where preliminary relief is not made permanent. See id. (citing Nielsen v. Preap, 586 U.S. 392, 403, 139 S. Ct. 954, 203 L. Ed. 2d 333 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief." Im v. Semaia, 2026 U.S. Dist. LEXIS 13231, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026). Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE